

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

## NO. WR-80,368-01

### EX PARTE BRIAN CHARLES JONES, Applicant

### ON APPLICATION FOR A WRIT OF HABEAS CORPUS CAUSE NO. 36853CR/A IN THE 40TH DISTRICT COURT FROM ELLIS COUNTY

*Per curiam*.

### O P I N I O N

Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the clerk of the trial court transmitted to this Court this application for a writ of habeas corpus. *Ex parte Young*, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of evading arrest or detention and was sentenced to life imprisonment.

Applicant contends that his counsel rendered ineffective assistance because he failed to timely file a notice of appeal. Trial counsel submitted an affidavit in which he states that Applicant at all times wanted to pursue an appeal and that counsel's failure to timely file notice of appeal was in no way Applicant's fault. Counsel states that he mistakenly believed that notice of appeal had been filed at the same time as a motion for new trial but only later learned that the notice of appeal

could not be located.

The trial court has determined that a one-page notice of appeal was stapled to the back of an amended motion to quash the indictment found in the court's file, but that the notice itself was not file-stamped and contains no certificate of service. The trial court finds that the district clerk did not forward the notice of appeal that was stapled to the motion to the court of appeals. The trial court also finds that Applicant wishes to appeal his conviction.

We find that Applicant is entitled to the opportunity to file an out-of-time appeal of the judgment of conviction in Cause No. 36853CR/A from the 40th District Court of Ellis County. Applicant is ordered returned to that time at which he may give a written notice of appeal so that he may then, with the aid of counsel, obtain a meaningful appeal. Within ten days of the issuance of this opinion, the trial court shall determine whether Applicant is indigent. If Applicant is indigent and wishes to be represented by counsel, the trial court shall immediately appoint an attorney to represent Applicant on direct appeal. All time limits shall be calculated as if the sentence had been imposed on the date on which the mandate of this Court issues. We hold that, should Applicant desire to prosecute an appeal, he must take affirmative steps to file a written notice of appeal in the trial court within 30 days after the mandate of this Court issues.

Copies of this opinion shall be sent to the Texas Department of Criminal Justice-Correctional Institutions Division and Pardons and Paroles Division.

Delivered: October 30, 2013
Do not publish